## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JUAN ROMIOUS, ET AL.**            **CIVIL ACTION**

**VERSUS**                    **NO. 23-6677**

**ALLSTATE INSURANCE CO.**        **SECTION: D(4)**

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant Allstate Insurance Company.[1] Plaintiffs Juan Romious and Martha Scott Romious did not file an opposition to the Motion. After careful consideration of Defendant's memorandum, the record, and the applicable law, the Motion is **GRANTED**.

### I. FACTUAL BACKGROUND

This case arises out of property damage due to the landfall of Hurricane Ida in southeast Louisiana in August 2021.[2] Plaintiffs sustained property damage due to the hurricane and filed a claim with their insurance company, Allstate.[3] Allstate's adjuster inspected the damage, and Plaintiffs' claim proceeded through Allstate's claims process.[4] Plaintiffs filed suit in the 40th Judicial District Court in St. John the Baptist Parish in August 2023, alleging breach of the insurance contract and bad

---

[1] R. Doc. 27.

[2] R. Doc. 27-2 at ¶ 1. The Court draws the factual allegations from Defendants' Statement of Uncontested Facts, which the Court accepts as true due to Plaintiff's failure to respond to the instant Motion. L.R. 56.2 ("All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement."). The Court also supplements Defendants' Statement of Uncontested Facts with allegations from Plaintiff's state court Petition. (R. Doc. 1-1). The Court uses those facts for context and does not afford them the benefit of the truth.

[3] R. Doc. 1-1 at ¶ 7-9.

[4] *Id*. at ¶ 10-16.

faith under La R.S. §§ 22:1892 and 22:1973. The case was removed to this Court on November 3, 2023, and entered the Hurricane Ida CMO. The case was returned to the docket of the undersigned district judge on June 17, 2025.[5]

The Court's Scheduling Order[6] required Plaintiffs to provide Defendant with written expert reports by October 7, 2025. As of the date of the present Motion, Defendant has not been provided with any expert reports or any evidence that substantiates the losses Plaintiffs incurred from Hurricane Ida.[7] Furthermore, Plaintiffs have not provided any estimate or report regarding repairs made to their property after they initially agreed to produce such a report in their initial disclosures.[8]

On November 14, 2025, Defendant filed the instant Motion for Summary Judgment, arguing that Plaintiff cannot meet their burden of proof at a trial on the merits.[9] Defendant states that Plaintiff has the burden to prove each fact essential to recover from an insurance claim and that the claim falls within the limits of the insurance coverage.[10] Defendant argues that because Plaintiffs have not produced expert reports, estimates, photographs, or proof of payments made to repair the house, they cannot meet their burden of proof for the claims alleged.[11] Furthermore, Defendant contends that Plaintiffs have not demonstrated that they provided a

---

[5] R. Doc. 18.
[6] R. Doc. 20.
[7] R. Doc. 27-2 at ¶ 4.
[8] *Id.* at ¶¶ 5-7.
[9] R. Doc. 27.
[10] R. Doc. 27-1 at p. 2.
[11] *Id.*

satisfactory proof of loss to Defendant, as is required by Louisiana law.[12] Lastly, Defendant states that Plaintiffs will not be able to establish proof of damages because there is no evidence that invoices have been produced regarding the alleged repair of the damaged property.[13]

The motion was set for submission on December 9, 2025, with any responses in opposition due by December 1, 2025.[14] As of the date of this Order and Reasons, no opposition has been filed.[15]

## II.    LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] A dispute is "genuine" if it is "real and substantial, as opposed to merely formal, pretended, or a sham."[17] Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[18] When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[19] While all reasonable

[12] *Id.* at pp. 2-3.
[13] *Id.* at p. 3.
[14] R. Doc. 27-5
[15] As pointed out in Defendant's Motion, and recognized by the Court, Plaintiff has failed to comply with additional deadlines set in the Court's Scheduling Order as Plaintiff failed to file its witness and exhibit list by November 6, 2025, and to date has failed to file any witness or exhibit list. *See* R. Doc. 20.
[16] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[17] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).
[18] *Anderson*, 477 U.S. at 248.
[19] *Delta & Pine Land Co. v. Nationwide Agribus. Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted).

inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence."[20]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[21]

If the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[22]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[23]

Finally, a party moving for summary judgment is not entitled to have their motion granted simply because their motion is unopposed.[24]  Rather, its burden remains the same as if the motion was opposed; the moving party must demonstrate that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law.[25]  That being said, where a party fails to file a response

---

[20] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[21] *Id.* at 399 (citing *Anderson*, 477 U.S. at 248).
[22] *See Celotex*, 477 U.S. at 322–23.
[23] *Id.* at 324 (quoting FED. R. CIV. P. 56(e)).
[24] *Homelife in the Gardens, LLC v. Landry*, 2018 WL 341703, at *2 (E.D. La. Jan. 9, 2018) (quoting *Day v. Wells Fargo Bank N.A.*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam)).
[25] *Id.*; *see also* Fed. R. Civ. P. 56.

to a summary judgment motion, the court may accept as undisputed all of the facts listed in the moving party's statement of undisputed material facts.[26]

## III.   ANALYSIS

Louisiana law "places the burden on the plaintiff to establish every fact essential to recovery and to establish that the claim falls within the policy coverage."[27] As part of this burden, a plaintiff must also prove the amount of his or her property damage claim.[28] Defendant states in its list of undisputed facts for summary judgment that Plaintiffs have failed to deliver any expert reports by the deadline in the Scheduling Order and have not provided any evidence that substantiates their claim for damages resulting from the hurricane.[29] As a result, there is no record evidence regarding the amount of the damages that the Plaintiffs are seeking. Because proving the amount of a property damage is an essential element of an insurance property damage claim under Louisiana law and because Plaintiffs have failed to provide any affidavits, depositions, answers to interrogatories, or other competent evidence that establishes the amount of the property damage sustained as a result of the storm, summary judgment is appropriate for this claim.

---

[26] *See Lamelas v. Abud*, No. CV 22-739, 2023 WL 3340851, at *1 (E.D. La. May 10, 2023) (quoting *Gonzales v. Abdurasulov*, No. 3:22-cv-00654, 2022 WL 2717633, at *1 (W.D. La. July 13, 2022)); *see also* Local Rule 56.1.

[27] *Ho v. State Farm Mut. Auto Ins. Co.*, 862 So. 2d 1278, 1281 (La. App. 3 Cir. 12/31/03); *see also Williams v. Allstate Indem. Co.*, 359 F. App'x 471, 473 (5th Cir. 2009); *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 295 (5th Cir. 2009) ("Under Louisiana law, the insured must prove that the claim asserted is covered by his policy.").

[28] *Feingerts v. Louisiana Citizens Prop. Ins. Corp.*, 265 So. 3d 62, 75 (La. App. 4 Cir. 2/13/19), *writ denied*, 278 So. 3d 364 (La. 9/6/19).

[29] R. Doc. 27-2 at ¶¶ 4-7.

In regards to the claims for bad faith, a claim for statutory bad-faith penalties under Louisiana Revised Statutes §§22:1892 and 1973 requires the insured to make a showing that "(1) an insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause."[30] A satisfactory proof of loss under the statute is one "that which is sufficient to *fully apprise* the insurer of the insured's claim."[31] To make a claim under these statutes, it is the plaintiff's burden to prove that he or she has provided the insurer with a satisfactory proof of loss. Here, Plaintiffs have pointed to no affidavits, depositions, answers to interrogatories, or other record evidence that demonstrates that a genuine issue of material fact exists as to whether Plaintiffs provided Defendant with a satisfactory proof of loss. Because Plaintiffs have failed to demonstrate a genuine issue of material fact regarding the satisfactory proof of loss, an essential element of a bad faith insurance claim under the statute, summary judgment on this claim is appropriate.

Defendant, the movant, has pointed to the lack of record evidence regarding essential elements of Plaintiffs' claims. As the Plaintiff will bear the burden of proof at trial, the burden on summary judgment has shifted, and Plaintiffs have now failed to go beyond the pleadings to demonstrate "specific facts showing that there is a genuine issue for trial."[32] After a reasonable time for discovery, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the

---

[30] *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1112–13 (La. 12/2/08).
[31] *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985).
[32] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[33] For that reason, the Court finds that summary judgment must be granted and, because there is no genuine dispute of material fact, that Defendant Allstate Insurance Company is entitled to judgment as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[34] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant are **DISMISSED with prejudice**.

New Orleans, Louisiana, January 2, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[33] *Id*. at 322.
[34] R. Doc. 27.